## EELLS, Trustee, etc., v. JOHANN, Sheriff, etc.[1]

*(Circuit Court, E. D. Missouri. April 23, 1886.)*

RAILROADS — MORTGAGES — ENFORCEMENT OF JUDGMENTS AGAINST MORTGAGED PROPERTY.

Where a railroad company whose property is mortgaged incurs obligations in the course of its operations, and judgment is recovered against it in a state court, that judgment may be enforced before forfeiture or foreclosure or the appointment of a receiver, by levying upon and selling a portion of the mortgaged property, and a federal court will not restrain its enforcement at the instance of the mortgage creditor.

In Equity. Bill for injunction.
*William L. Anderson*, for complainant.

TREAT, J., *(orally.)* In this case a bill has been filed on which an application for a provisional injunction is desired. It is an application without notice to the respondent, whereby, prior to a date to be named for the hearing of such a motion, the application should be granted intermediately. The bill discloses that on the seventh of May, 1881, judgment was rendered in the state circuit court of St. Charles county, Missouri, against the railway corporation named, in the enforcement of which judgment levy has been made by the sheriff of said St. Charles county upon certain portions of the property of said railway corporation. The trustee of the bondholders asks this court to enjoin the sheriff from proceeding under the judgment and execution in his hands because the property named, which has been seized by said sheriff, is included within the terms of the prior mortgage.

(1) Is this a case where the court should grant an injunction to restrain a state court or its officers? (2) If so, is there anything on the face of the bill requiring the present interference of this court? (3) A larger question underlies this proceeding. A "going concern," to-wit, a railroad, in the course of its operations, though under mortgage, incurs obligations judicially determined to exist. When an attempt is made to enforce said obligations under the ordinary forms of law, shall the judgment creditor not have the right to enforce the same notwithstanding there is a prior outstanding mortgage which covers the property levied upon by the sheriff? So far as can be determined by the bill, the corporation was liable for the judgment had, and the property of the corporation was subject thereto. Is it possible that a judgment creditor who wishes to enforce his judgment against the corporate property shall be restrained from so doing until, without the intermediate appointment of a receiver, the mortgagee forecloses? Of course, a sale by the sheriff under the judgment of the state court will be subject to prior rights; but there is no reason why he should not proceed to sell. It cannot

[1] Reported by Benj F. Rex, Esq., of the St. Louis bar.

be that because a railroad is bonded that the corporation shall escape liability for its current obligations. While it is a going concern it is operated for the benefit of the bondholders as well as all other parties in interest, and the current obligations thus incurred are to be enforced against the property. The theory of the bill seems to be that none of the obligations, even though judicially determined against the corporation, are enforceable against the property of the corporation because there is an outstanding mortgage which covers such property. This court assents to no such doctrine. Until the mortgage is foreclosed, or proceedings had therefor, the obligations of the corporation, in connection with its operations, are to be enforced prior in right to the unmatured demands of the mortgagee. It therefore appears on the face of the bill that this court should not interfere with the enforcement of the judgment of the state circuit court, and that the due conduct of affairs by said court should not, under the facts stated, be interfered with by this tribunal.

The application is denied, with leave to withdraw the bill.